IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
NORTHERN DIVISION

| | |
|---|---|
| AMERIGAS PROPANE, L.P. and FERRELLGAS L.P., ) ) ) ) Plaintiffs, ) ) v. ) ) BP AMERICA, INC., BP CORPORATION NORTH AMERICA INC., BP INTERNATIONAL SERVICES COMPANY, BP PRODUCTS NORTH AMERICA INC., BP ENERGY, and BP AMERICA PRODUCTION COMPANY, ) ) ) ) ) ) ) ) Defendants. ) ) | Case No.: 1:08-cv-00981  The Honorable James B. Zagel |

**THE BP DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS**

Defendants BP America, Inc., BP Corporation North America, Inc., BP International Services Company, BP Products North America, Inc., BP Energy, and BP America Production Company (collectively the "BP Defendants"), by and through their counsel, move this Court under Federal Rule of Civil Procedure 12(b)(6) to dismiss Counts I, II, and III of AmeriGas Propane, L.P. and Ferrellgas L.P.'s Amended Complaint with prejudice. In support of this motion, the BP Defendants state as follows:

1. The Plaintiffs filed their Amended Complaint (the "Complaint") on April 21, 2008 alleging monopolization and attempted monopolization claims against the BP Defendants under the Sherman Act, a Commodity Exchange Act claim, and a common-law unjust enrichment claim.

2. The Plaintiffs fail to properly allege a monopolization claim under the Sherman Act (Count I) as they cannot show that any of the BP Defendants (most notably BPPNA, the

defendant whose conduct is at issue) gained monopoly power. *See United States v. Grinnell Corp.*, 384 U.S. 563, 570-71 (1966). As the allegations of the Complaint show, BPPNA's alleged conduct did not cause any structural change to the relevant market, did not last for a sufficient duration, and did not prevent the entry of others into the market.

3. The Plaintiffs fail to properly allege an attempted monopolization claim under the Sherman Act (Count II) because the allegations of the Complaint are not sufficient to show BPPNA had a dangerous probability of achieving monopoly power through its alleged actions. *Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 456 (1993).

4. In addition, the Plaintiffs cannot bring claims under the Sherman Act as the Commodity Exchange Act is the statute governing the alleged conduct at issue, and thus, is the controlling remedy available to the direct purchaser Plaintiffs. *Schaefer v. First Nat'l Bank of Lincolnwood*, 326 F. Supp. 1186, 1191 (N.D. Ill. 1970), *aff'd,* 509 F.2d 1287 (7th Cir. 1975).

5. The Plaintiffs fail to properly allege an unjust enrichment claim (Count III) because they have an adequate remedy at law under the Commodity Exchange Act.

WHEREFORE, the BP Defendants respectfully requests that this Court dismiss the Plaintiffs' monopoly, attempted monopoly, and unjust enrichment claims — Counts I, II, and III of the Amended Complaint.

DATED: May 30, 2008                             COUNSEL FOR THE BP DEFENDANTS

                                                /s/ Kathryn F. Taylor

Richard C. Godfrey, P.C.
David J. Zott, P.C.
Andrew A. Kassof
Katheleen A. Ehrhart
Kathryn F. Taylor
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601-6636
Telephone:     (312) 861-2000
Facsimile:     (312) 861-2200

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing **THE BP DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS** was filed electronically pursuant to the CM/ECF procedures on May 30, 2008 and will, therefore, be served electronically upon the parties in the action, and served via U.S. mail, first class, postage prepaid, upon.:

>Peter G. Skiko
>Daniel G. Wills
>Brendon P. Friesen
>Swanson, Martin & Bell LLP
>330 N. Wabash, Suite 3300
>Chicago, IL  60611
>Telephone: (312) 321-9100
>Facsimile: (312) 576-0016

and that copies were served this same date by U.S. mail only upon the following:

>Henry Chajet
>John Austin
>DeMaurice Smith
>Patton Boggs LLP
>2550 M. Street NW
>Washington, DC 20037
>Telephone: (202) 457-6000
>Facsimile: (202) 457-6315

/s/ Kathryn F. Taylor